IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-01565-RPM

MARK STEPHEN ELLIS,

     Petitioner,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
CYNTHIA COFFMAN, Attorney General, State of Colorado,

     Respondents.

_____

## ORDER ON MOTION FOR ADDITIONAL FINDINGS
_____

On December 24, 2014, Respondents filed a Motion for Additional Findings pursuant to Fed.R.Civ.P. 52(b). [Doc. 29].  The Petitioner filed a response on January 29, 2015 [Doc. 40].  A reply was filed on February 2, 2015.

The Respondents submitted full transcripts of the trial as well as the Rule 35(c) hearing and they have been read in their entirety.  The videotaped interviews of V.E. played to the jury have been considered.

Having now considered all of the relevant state court record, this Court finds that there is additional support for the ruling that Rowe Stayton's deficient performance undermined confidence in the outcome of the Ellis trial thereby meeting the prejudice prong of *Strickland.*

As Mr. Stayton said in his testimony at the Rule 35(c) hearing, the defense of a child sex abuse case must provide a plausible answer to the question of why would a child make these statements if they were not true. There must be a theory of the

defense and Mr. Mulligan testified at the Rule 35c) hearing, (who also was counsel on the direct appeal), that he could not ascertain a clear or articulated theory of defense. That is made more difficult by the lack of record of the closing arguments.  Waiving that recording was one aspect of Mr. Stayton's deficient performance.

It is apparent from a review of the record that V.E.'s statements before trial and her testimony at the trial may reasonably be doubted if the jury had heard the evidence that Mr. Stayton had available to him if he had adequately prepared for trial.

The testimony of Kari Ellis was that her first awareness of any sexual assaults of V.E. came from Mark Ellis, Jr., during a telephone call, which he made while he was angry as a result of a confrontation with his father.  She also testified that V.E. did not respond to Kari's questions until after V.E. talked to her brother, who had himself sexually abused her.

The question that should have been emphasized was whether V.E.'s complaints resulted from Mark Ellis Junior's persuading her to make these accusations to conceal what he, himself, had been doing to her.

There was some effort to suggest this in Mr. Stayton's cross examination of Kari Ellis, V.E. and Mark Ellis, Jr.  There was powerful evidence to support that theory available to defense counsel which he did not present because he did not conduct an adequate investigation and did not call Dr. Esplin to advise the jury, as a forensic psychologist, to give the jury the benefit of what scientific studies have shown about the credibility of child victim's statements.

What is most alarming about this case is the testimony of Mr. Stayton's own investigator, Richard Webb, at the Rule 35(c) hearing.  He explained the need for

investigation and preparation of this unusual case.  That would have provided evidence to demonstrate that V.E. lived in a very dysfunctional family and a chaotic household.  It would also have enabled counsel to show the extreme animosity between Kari Ellis and the defendant was sufficient to suggest that she used V.E. as a means to injure him in retaliation for his extramarital affair.

The only physical evidence that could be considered as corroborating V.E.'s statements was tiny semen stains on the blanket matching the defendant's DNA.  When that blanket was on V.E.'s bed in relation to her testimony is unclear.

The glaring fact that supports the conclusion that this trial was fundamentally flawed is that the defendant's lawyer, Rowe Stayton, was not prepared for this trial.

These additional findings are added to this Court's Memorandum Opinion and Order in further support of the Amended Judgment which is now made final.

SO ORDERED.

DATED: February 25th, 2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge